IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOE HAND PROMOTIONS, INC.**,

**Plaintiff,**

v.

**DAVID W. HURLEY, indiv. and d/b/a DAVID HURLEY, LTD. d/b/a HURLEY'S DANCE CLUB, and DAVID HURLEY, LTD. d/b/a HURLEY'S DANCE CLUB,**

**Defendants.**                                              No. 11-0538-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 9). Plaintiff opposes the motion (Doc. 15). Based on the following, the Court denies in part and grants in part the motion.

On June 20, 2011, plaintiff filed a three-count complaint against defendants for violations of 47 U.S.C. § 605, *et seq.*, addressing unauthorized publication or use of communications (Count I); violation of 47 U.S.C. § 553, *et seq.*, addressing unauthorized reception of cable services (Count II) and a state law claim for

conversion (Doc. 2).[1] The complaint alleges that plaintiff, a commercial distributor, paid for and received the exclusive nationwide television distribution rights of *Ultimate Fighting Championship 101: "Declaration"* ("Program"), which took place on August 8, 2009. It also alleges that defendants, with full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the their respective establishments in order to privately profit.

Thereafter, defendants filed the motion to dismiss on August 18, 2011 (Doc. 9). Specifically, defendants move to dismiss all the counts against David Hurley, individually, and Count III, the conversion claim. Defendants maintain that plaintiff failed to allege alter ego status that warrants piercing the corporate veil as to David Hurley and that under Illinois law no claim for conversion lies under these circumstances. Plaintiff filed its response on September 22, 2011 (Doc. 15). As the motion is ripe for determination, the Court turns to address the merits.

## II. Motion to Dismiss

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550

---

[1] As to the defendants, the complaint alleges that "DAVID HURLEY LTD, d/b/a HURLEY'S DANCE CLUB, was a business entity, having its principal place of business at 1504 W. Broadway, Johnston City, Illinois 62951" and that "David Hurley is an individual and the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of a business entity, DAVID HURLEY LTD. d/b/a HURLEY'S DANCE CLUB" (Doc. 2, p. 2).

U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.' " *Cole v. Milwaukee Area Tech. College Dist.,* 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the ... [c]omplaint in the light most favorable to plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor. *Id.*

### III. <u>Analysis</u>

As to the claims against David Hurley, individually, defendants allege that plaintiff fails to allege facts demonstrating that David Hurley, LTD. is in fact the alter ego of David W. Hurley, the individual. Plaintiff counters that it has alleged sufficient facts and that there is a question as to the level of responsibility and control that David Hurley had over the operations of the establishment. The Court agrees with plaintiff.

As stated earlier, the allegations against Hurley in the complaint are as follows:

"David Hurley, is an individual and the principal, alter ego, officer,

>director, shareholder, employee, agent, and/or other representative of a business entity, DAVID HURLEY LTD. d/b/a HURLEY'S DANCE CLUB" (Doc. 2, p. 2).

Further, the complaint alleges "each and every of the above named defendants and/or their agents, servants, workmen, or employees did lawfully publish, divulge and exhibit the Program at the time of its transmission at the address of each of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done wilfully and for purposes of direct or indirect commercial advantage or private financial gain."

Section 553 states that no person shall "intercept or receive or assist in intercepting or receiving any communications service offered over a cable system." 47 U.S.C. § 553. Similarly, § 605 prohibits anyone from receiving or assisting in receiving certain communications without authorization. *See* 47 U.S.C. § 605. Courts have held that individual liability for violations of §§ 553 and 605 may arise under certain circumstances. *See e.g., Comcast of Illinois X v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 947 (8th Cir. 2007) (finding individual liability where there is "no distinction" between the actions of the individual company); *J&J Sports Prods. Inc. v. Ribeirao*, 562 F.Supp.2d 498, 501 (S.D.N.Y. 2008)("To hold Ribeiro vicariously liable in her individual capacity under § 605, J & J Sports must show that Ribeiro had a right and ability to supervise the violations, and that she had a strong financial interest in such activities.")

Here, the Court finds that the complaint states a claim of relief against Hurley

individually that is "plausible on its face." *Iqbal*, 129 S..Ct. at 1949.  Plaintiff alleges that Hurley is the individual and the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of DAVID HURLEY LTD. d/b/a HURLEY'S DANCE CLUB and that he directly unlawfully intercepted and exhibited the Program, or assisted such activities for commercial advantage or private financial gain.  Such allegations are sufficient to survive the motion to dismiss.

As to the conversion claim, the Court finds that Chief Judge Holderman's exhaustive survey of the law on this issue in *Joe Hand Promotions, Inc. v. Lynch, et al.*, 11-C-4607-JFH (N.D. Ill. 2011), 2011 WL 5386358 *3-5 (Nov. 7, 2011) convinces the Court that plaintiff cannot assert a claim for conversion under these circumstances.  This facts of this case and the facts of the case that Chief Judge Holderman decided are almost identical.  Both cases contain the same plaintiff; the same three counts alleging the same statutory violations and common law claim of conversion and involve a program that allegedly was intercepted.  As concluded by Judge Holderman: "Illinois courts have not yet extended the tort of conversion to intangible property like television programing." *Id*. at *5.  Thus, the Court dismisses Count III of plaintiff's complaint for failure to state a claim for conversion under Illinois law.

### IV. Conclusion

Accordingly, the Court **DENIES in part** and **GRANTS in part** defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 9).  The

motion is denied as to the arguments as to David Hurley, individually and the motion is granted as to Count III, the conversion claim.  The Court **DISMISSES with prejudice** Count III of plaintiff's complaint.

**IT IS SO ORDERED.**

Signed this 21st day of December, 2011.

David R. Herndon
2011.12.21
09:45:42 -06'00'

**Chief Judge
United States District Court**